# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAUL ULISES BADILLO-GUZMAN,<br><br>                 Petitioner,<br><br>   v.<br><br>J. SALAZAR,<br><br>                 Respondent. | NO: 1:18-CV-3018-TOR<br><br>ORDER DISMISSING HABEAS PETITION WITH PREJUDICE |

By Order filed June 1, 2018, the Court directed Petitioner, a federal prisoner at FCI Herlong in California, to show cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner is proceeding *pro se* and paid the $5.00 filing fee to commence this action on May 1, 2018, ECF No. 10. He submitted a timely response on June 18, 2018, ECF No. 12.

Petitioner is serving a 318 month state court sentence concurrently with a 360 month federal sentence. *See* 1:14-CR-02004-TOR. He admits that he did not appeal his 2016 guilty plea to four counts of first degree rape of a child in the state courts.

ORDER DISMISSING HABEAS PETITION WITH PREJUDICE -- 1

The Personal Restraint Petition ("PRP") he submitted in June 2017 was dismissed as untimely.

Petitioner avers that he had until May 26, 2017, to file a timely federal habeas petition. The Court notes that the state petition filed in June 2017 could not toll the already expired federal limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Petitioner did not submit his federal habeas petition until February 6, 2018. At that time, the petition was untimely by more than eight months. Petitioner contends that there are grounds to statutorily delay the running of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D), and offers the same arguments for equitable tolling.

Petitioner asserts that he and his family "e-mailed, sent letters and called his former attorney in attempts to timely file [his Personal Restraint Petition]." ECF No. 12 at 2. He states that he "asked former counsel to release transcripts and related material without success." *Id.* Petitioner does not identify the frequency of these requests or the time period in which they were made. Petitioner indicates that he received "some of his legal state file" from the Federal Defenders of Washington and Idaho on July 26, 2017, ECF No. 12 at 2, but this was more than two months after the federal limitations period had already expired. Nevertheless, Petitioner

asserts that he has demonstrated "grounds to delay the running of the limitation period until after he receive[d] his case file on July 26, 2017." ECF No. 12 at 3. The Court notes that Petitioner filed his state PRP before receiving these documents. Apart from his conclusory assertions, Petitioner has presented no facts from which the Court could infer that he diligently pursued his claims and that would warrant either a statutory delay or equitable tolling.

Petitioner presented no facts showing his court-appointed trial counsel engaged in "sufficiently egregious" misconduct which would justify equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003). Petitioner does not allege that he and his family hired this attorney to file a PRP or federal habeas petition, which the attorney then failed to prepare and file despite frequent telephone calls and letters from Petitioner and his family. *Id.* at 801. Petitioner has alleged no facts showing reasonable diligence in attempting to file a PRP or habeas petition. *Id.* at 802.

Petitioner references *United States v. Bear Cub,* an unreported District of Montana case found at 2016 WL 5372764. Unlike *Bear Cub,* Petitioner does not allege that he notified either the Washington State Courts or the Federal District Court that he needed to file a PRP or habeas petition, but was unable to obtain information from his trial counsel. *Id.* at *2. Petitioner makes no assertion that he arranged for his trial counsel to file a notice of appeal and then assumed the attorney

had done so, and then "repeatedly wrote [his attorney] requesting access to his file." *Id.* Here, Petitioner did not pursue an appeal in state court following his plea of guilty.

Petitioner also references *Socha v. Boughton,* 763 F.3d 674, 686 (7th Cir. 2014). Unlike *Socha,* Petitioner does not argue that he repeatedly sought to obtain his case file from his attorney, that he contacted the attorney's supervisor, or tried to obtain the assistance of another attorney, or requested the transcript in a state collateral review proceeding. *Id.* Indeed, Petitioner has admitted that he and his family "lost communication" with his attorney for a few months, without making any allegation that the attorney had changed the location of his office. Petitioner's bald assertions do not support an inference that he diligently pursued his claims.

Petitioner has asserted no constitutional or other federal law violation in connection with the unavailability of transcripts. *See e.g. McCleskey v. Zant,* 499 U.S. 467, 500 (1991) (unavailability of document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition.). Here, Petitioner indicates that he "might have had an idea" that he should pursue a claim regarding the voluntariness of his plea in a habeas petition or Personal Restraint Petition. ECF No. 12 at 4. He proffers no facts showing that the unavailability of the transcripts prevented him from filing this habeas petition. *See e.g. Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (holding that equitable

tolling did not apply because "[p]ossession of a transcript ... is not a condition precedent to the filing of [postconviction] proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript . . . . And we are not told which particular claims petitioner was prevented from raising by the lack of a complete transcript.").

Petitioner has alleged no circumstances which prevented him from filing his federal habeas petition prior to May 26, 2017. He makes no assertion that he worked diligently in the law library to prepare his case before it was due, or that he alerted the courts before the deadlines arrived and sought to preserve his rights. *See e.g., Socha,* 763 at 686. Petitioner has failed to present facts showing he diligently pursued his rights and that extraordinary circumstances prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). His equitable tolling arguments are unavailing.

In addition to the federal habeas petition being untimely, Petitioner admits that he did not present his claims for resolution before the Washington State Supreme Court. Therefore, he has not exhausted his state court remedies, a prerequisite to federal habeas relief. *O'Sullivan v. Boerkel,* 526 U.S. 838, 842-43 (1999).

For the reasons set forth above and in the Order to Show Cause, ECF No. 11, **IT IS ORDERED** this habeas petition, ECF No. 10, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** June 28, 2018.



THOMAS O. RICE
Chief United States District Judge